**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

MERCY CRUZ,

                Plaintiff,

v.

PINNACLE FINANCIAL GROUP INCORPORATED, a Minnesota corporation,

                Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

### PARTIES

7.    Plaintiff Mercy Cruz is a natural person.

8.     The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.     The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.    The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.    Defendant Pinnacle Financial Group Incorporated is a Minnesota corporation operating from an address at 7825 Washington Avenue South, Suite 310, Edina, Minnesota 55439.

12.    The Defendant's registered agent in the state of Colorado is Irvin Allen Borenstein, Esq., 13111 E. Briarwood Avenue, Suite 340, Centennial, Colorado 80112.

13.    The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    The Defendant is licensed as a collection agency by the state of Colorado.

15.    The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.    The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18.   Sometime before 2010 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to T-Mobile (hereinafter the "Account").

19.   The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20.   The Account went into default with T-Mobile.

21.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22.   The Defendant is in the business of purchasing delinquent consumer accounts, typically paying no more than ten cents on the dollar.

23.   The Defendant then collects the accounts or hires other entities to collect the accounts.

24.   The Defendant claims to have purchased the Account.

25.   On information and belief the Defendant paid less than ten cents on the dollar for the Account.

26.   The Account was placed or otherwise transferred to the Defendant for collection.

27.   The Plaintiff disputes the Account.

28.   The Plaintiff requests that the Defendant cease all further communication on the Account.

29.     The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

30.     The Defendant acted at all times mentioned herein through its employee(s).

31.     In April 2011 the Plaintiff and one of the Defendant's employees had a telephone conversation while the Defendant was attempting to collect the Account from the Plaintiff.

32.     During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Defendant's employee represented to the Plaintiff that they were collecting the Plaintiff's T-Mobile account with a balance of $601.09.

33.     During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Plaintiff disputed the Account.

34.     During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated: I am disputing this entire account.

35.     During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Plaintiff stated: Whether I owe the Account or not I dispute the Account.

36.     During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Defendant's employee falsely represented to the Plaintiff that the Account would be reported to the credit

bureaus until it is paid and that paying the Account is the only way to get the Account off of the credit bureau reports.

37. During the telephone call / conversation in April 2011 between the Plaintiff and the Defendant's employee the Defendant's employee falsely represented to the Plaintiff that she could not dispute the Account, that she had to pay the Account to dispute the Account and that her dispute of the Account had to be a valid dispute.

38. The Plaintiff disputed the Account with the Defendant in April 2011.

39. The Defendant was aware that the Account was disputed in April 2011.

40. Prior to May 2011 the Plaintiff disputed the Account with the Defendant.

41. Prior to May 2011 the Defendant was aware that the Account was disputed.

42. Prior to May 2011 the Defendant was informed that the Account was disputed.

43. Prior to May 2011 the Defendant was aware that in April 2011 the Plaintiff disputed the Account.

44. Prior to May 2011 the Defendant was aware that in April 2011 the Plaintiff stated to the Defendant during a telephone call with the Defendant regarding the Account: I am disputing this entire Account and whether I owe the Account or not I dispute the Account.

45. In May 2011 the Defendant communicated information regarding the Account to Transunion, a credit reporting agency.

46.    In May 2011 the Defendant communicated to Transunion that the balance on the Account was: $601.

47.    In May 2011 the Defendant communicated to Transunion that the Original Creditor on the Account was: T MOBILE.

48.    In May 2011 the Defendant failed to communicate to Transunion that the Account was disputed.

49.    In May 2011 the Defendant did not communicate to Transunion that the Account was disputed.

50.    Prior to May 2011 the Defendant did not communicate to Transunion that the Account was disputed.

51.    As of May 19, 2011 the Defendant did not communicate to Transunion that the Account was disputed.

52.    The Defendant's purpose for communicating the information on the Account to Transunion was to attempt to collect the Account.

53.    The information communicated to Transunion by the Defendant in May 2011 on the Account conveyed information regarding the Account directly or indirectly to Transunion.

54.    The information communicated to Transunion by the Defendant in May 2011 on the Account constituted a "communication" as defined by FDCPA § 1692a(2).

55.     The only reason that the Defendant communicated the information regarding the Account in May 2011 to Transunion was to attempt to collect the Account.

56.     Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Transunion.

57.     Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

58.     Upon information and belief in 2011 the Defendant reported information to Transunion on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

59.     Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Equifax.

60.     Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

61.     Upon information and belief in 2011 the Defendant reported information to Equifax on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

62.     Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect to Experian.

63. Upon information and belief in 2011 the Defendant regularly reported information on account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

64. Upon information and belief in 2011 the Defendant reported information to Experian on account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

65. In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account had telephone conversation(s) with the Plaintiff regarding the Account.

66. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in the year prior to the filing of the instant action each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

67. The telephone call(s) / conversation(s) between the Plaintiff and the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in the year prior to the filing of the instant action each individually constituted a "communication" as defined by FDCPA § 1692a(2).

68.     The telephone call(s) / conversation(s) in April 2011 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each conveyed information regarding the Account directly or indirectly to the Plaintiff.

69.     The telephone call(s) / conversation(s) in April 2011 between the Plaintiff and the Defendant and / or employee(s) of the Defendant each constituted a "communication" as defined by FDCPA § 1692a(2).

70.     On information and belief the Defendant made a audio recording and/or audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in April 2011.

71.     On information and belief the Defendant has a copy or copies of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in April 2011.

72.     On information and belief the Defendant made audio recording(s) of some of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

73.     On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

74.     On information and belief the Defendant made audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

75.   On information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone call(s) / conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

76.   On information and belief the Defendant's copies of the audio recording(s) of its telephone call(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

77.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Transunion on the Account.

78.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Transunion on the Account in May 2011.

79.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Transunion on the Account prior to May 2011.

80.   On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it communicated to Transunion on the Account after May 2011.

81.     The     Defendant's     action(s)     constitute     false     and     misleading
        representation(s) and mean(s) and violate FDCPA 1692e preface, e(2)(A),
        e(8) and e(10).

82.     The Defendant's action(s) constitute unfair or unconscionable means to
        collect or attempt to collect a debt and violate FDCPA 1692f preface.

83.     The FDCPA is a "strict liability statute," and Plaintiff need only "show one
        violation of its provisions to be entitled to judgment in her favor." Ellis v.
        Cohen & Slamowitz, LLP, 701 F.Supp. 2d 215, 219 (N.D.N.Y. 2010).

84.     As a consequence of the Defendant's action(s), the Plaintiff has
        sustained damages pursuant to FDCPA § 1692k.

## COUNT I, FDCPA VIOLATION

85.     The previous paragraphs are incorporated into this Count as if set forth in
        full.

86.     The act(s) and omission(s) of the Defendant constitute a violation of the
        FDCPA § 1692e preface, e(2)(A), e(8), e(10) and § 1692f preface.

87.     Pursuant to FDCPA § 1692k the Plaintiff is entitled to damages,
        reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2.    Damages pursuant to 15 U.S.C. § 1692k(a).

3.    Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson         _____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff